```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____           │
│ DATE FILED:___1/5/2026___        │
└─────────────────────────────────┘
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
SHAWN BULLOCK,

                                    Plaintiff,                                    **25-CV-2825 (DEH) (KHP)**

                    -against-                                                      **OPINION & ORDER**

MONTEFIROE MEDICAL CENTER, et al.,

                                    Defendants.
-----------------------------------------------------------------X
**KATHARINE H. PARKER, United States Magistrate Judge:**

Before the Court is a motion by Hoffman Matlin & Monroy, LLP (the "Firm"), counsel of record for Plaintiff, Shawn Bullock (the "Plaintiff"), to withdraw as counsel.  (ECF No. 43)   For the reasons stated below, the motion is GRANTED.

## BACKGROUND

Plaintiff, brought this action due to Defendants' alleged violations of Article 15 of the New York Executive Law ("Human Rights Law"), New York City Administrative Code § 8- 107, 42 U.S.C § 12101, and 42 U.S. Code § 12203.  Plaintiff alleges that during the course of his employment as a Service Associate under the Environmental Services department by Defendants, he suffered a physical injury to his back resulting in back pain requiring treatment. Additionally, he alleges that Defendant failed to provide him reasonable accommodations in light of his injury.  The parties appeared before the undersigned at an initial case management conference on October 30, 2025.  On November 25, 2025, counsel for Plaintiff moved to withdraw as counsel of record.  In support of their application to withdraw, Plaintiff's counsel filed an affidavit saying that there are irreconcilable differences between Plaintiff and the Firm.

Formal discovery has not yet begun in this matter.  Finally, Plaintiff's counsel has stated it does

not intend to assert a retaining or charging lien.

**ANALYSIS**

Withdrawal of counsel is governed by Local Civil Rule 1.4, which states:

> An attorney who has appeared as attorney of record for a party . . . may not withdraw
> from a case without leave of the court granted by order.  Such an order may be granted
> only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or
> displacement and the posture of the case, including its position, if any, on the calendar,
> and whether or not the attorney is asserting a retaining or charging lien.

S. & E.D.N.Y.R. 1.4.

The decision to grant or deny a motion to withdraw is within the district court's

discretion.  In making the determination, the Court should consider (i) the reasons for

withdrawal, and (ii) the impact of the withdrawal on the timing of the proceeding.  *Karimian*

*v. Time Equities, Inc.,* No. 10 Civ. 3773 (AKH) (JCF), 2011 WL 1900092, at *2 (S.D.N.Y. May 11,

2011) (citing S. & E.D.N.Y.R. 1.4).  I consider both factors below, and also address the motion's

compliance with Local Civil Rule 1.4.

1.  **Reasons for Withdrawal**

Mr. Hague states that his Firm's reason for seeking to withdraw is that "irreconcilable

differences have arisen between this Firm and Plaintiff about the manner in which this litigation

should proceed" and "[d]espite repeated efforts to resolve these differences, this Firm has

been unable to do so." (ECF No. 43 at ¶ 11)  Neither Plaintiff nor Defendant have filed an

opposition to the motion to withdraw.  Irreconcilable differences or a breakdown in the

attorney-client relationship may be a basis to allow an attorney to withdraw.  *Allstate Ins. Co. v.*

*Spina,* No. 20 Civ. 1959 (KMK), 2020 WL 7753266, at *1 (S.D.N.Y. July 27, 2020); *see also  Ruiz v. Keratin Bar Inc.,* No. 17 Civ. 2216 (VEC), 2020 WL 7079904, at *2 (S.D.N.Y. Dec. 3, 2020) ("Courts within this circuit have found satisfactory reasons to include a client's lack of cooperation ... with counsel, and the existence of an irreconcilable conflict between attorney and client," and "[s]imilarly, it is well-settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively.")

It is apparent from the representation of Plaintiff's counsel at the case management conference and Plaintiff's failure to file an opposition to the instant motion that the irreconcilable conflict does concern a lack of communication by Plaintiff.  Mr. Hague has therefore substantiated his assertion that there has been a breakdown in the attorney-client relationship sufficient to warrant withdrawal.

### 2.  Impact of Withdrawal on the Case

The Initial Case Management Conference in this matter was held on October, 30 2025. Discovery has not yet begun, however there are two pending motions including a Motion for Judgment on the Pleadings (ECF Nos. 37-39) and a Motion for Rule 11 Sanctions (ECF Nos. 40-42) ("Rule 11 Sanctions Motion").  Nevertheless, given that this action is still in a relatively early stage (*i.e.* discovery has yet to commence), withdrawal will not have a particularly significant effect on its timing.  *See Furlow v. City of New York*, No. 90 Civ. 3956 (PKL), 1993 WL 88260, at *2 (S.D.N.Y. March 22, 1993) (granting motion to withdraw where document discovery was complete but depositions had not been taken, because "resolution of this matter will not be delayed substantially by counsel's withdrawal at this juncture").

3

### 3. Compliance with Local Rule 1.4

In addition to the instant motion, Mr. Hague has filed a declaration that complies with the requirements of Local Rule 1.4.  (ECF No. 43)  He states that the Firm does not intend to assert a charging lien.  Finally, Mr. Hague has also represented that Plaintiff has been made aware of the filing of this motion and has provided the Court with an affidavit of service of the motion.  (ECF No. 43-2)  Therefore, he has satisfied all of the procedural requirements of the local rule.

### CONCLUSION

For the reasons stated above, Mr. Hague and the Firm's motion to withdraw as counsel of record for the Plaintiff is GRANTED.  The Firm will have 30 days from this ruling to respond to the Rule 11 Motion (to the extent it is directed at the Firm) and Plaintiff separately will have 30 days to respond to the Rule 11 Motion as well as the Rule 12(c) Motion.  Plaintiff shall file a letter stating whether he intends to proceed *pro se* or has retained substitute counsel by January 20, 2026.  Plaintiff is advised that a failure to respond to the pending motions may result in dismissal of the case for failure to prosecute.

**The Clerk of the Court is respectfully directed to terminate Mr. Hague and the Firm as counsel of record.  Mr. Hague is directed to mail a copy of this order to the Defendants.  The Clerk of Court is also respectfully directed to terminate the motions at ECF No. 43 and 48.**

SO ORDERED.

DATED:       New York, New York
             January 5, 2026

_____
KATHARINE H. PARKER
United States Magistrate Judge

4