UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAWN BULLOCK,<br><br>                    Plaintiff,<br><br>          v.<br><br>MONTEFIORE MEDICAL CENTER,<br><br>                    Defendant. | |

25 Civ. 2825 (DEH) (KHP)

**ORDER**

DALE E. HO, United States District Judge:

In this action, Plaintiff Shawn Bullock, proceeding pro se,[1] brings various disability-related claims against his former employer, Defendant Montefiore Medical Center ("MMC").[2]   On November 20, 2025, MMC moved for judgment on the pleadings and for sanctions.  *See* ECF Nos. 37 and 40.  On April 3, 2026, Magistrate Judge Parker issued a Report and Recommendation (the "Report"), recommending that the motions be denied, with the sanctions motion denied without prejudice. *See* ECF No. 60.  The deadlines to file objections to the Report were April 17, 2026 for Mr. Bullock and April 20, 2026 for MMC.  As of the date of this Order, more than two months later, no objections have been filed.

In reviewing a magistrate judge's report and recommendation, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  "In a case such as this one, where no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record."

---

[1] Mr. Bullock was initially represented by counsel when he filed this case.  But after MMC filed its motion for sanctions, his counsel moved to withdraw, which Judge Parker granted.  *See* Op. and Order dated January 5, 2026, ECF No. 49.

[2] Mr. Bullock also initially sued Montefiore Einstein, Inc. and Montefiore Einstein Advanced Care.  By stipulation of the parties, those entities were dismissed from this litigation. *See* Stipulation of Voluntary Dismissal dated June 9, 2025, ECF No. 16.

*Kuan v. Notoriety Grp. LLC*, No. 22 Civ. 1583, 2023 WL 3936749, at *1 (S.D.N.Y. June 9, 2023) (citation omitted).  The Court has reviewed the Report and has found no error, clear or otherwise.

It is hereby **ORDERED** that the Report is **ADOPTED IN FULL.**  As set forth in the Report, the Complaint adequately alleges the elements of claims for disability discrimination and failure to accommodate; and while Defendants identify video evidence that may ultimately undermine Mr. Bullock's allegations of a disability, the existence of a factual dispute as to the existence or extent of a plaintiff's disability is not a sufficient basis on which to grant a motion for judgment on the pleadings.  *See* Report at 13-15.  Nor is it a basis to grant such a motion on a retaliation claim.  *See id.* at 15-18.  Accordingly, MMC's Motion for Judgment on the Pleadings, ECF No. 37, is **DENIED**.

With respect to MMC's sanctions motion, the Report lays out reasons why the motion should be denied on the basis of the current record, and that it is premature at this stage of the litigation.  *See* Report at 20-22.  MMC's Motion for Sanctions, ECF No. 40, is therefore **DENIED WITHOUT PREJUDICE.**

MMC is directed to serve Plaintiff with a copy of this Order, and to file proof of service on the docket within three (3) business days of the date of this Order.

The Clerk of Court is respectfully directed to terminate ECF Nos. 37 and 40.

SO ORDERED.

Dated: June 30, 2026
    New York, New York

_____
    DALE E. HO
    United States District Judge

2